UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ERIC M.,

                Plaintiff,

v.                                                                                       5:17-CV-1182 (ATB)

COMM'R OF SOC. SEC.,

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON       STEVEN R. DOLSON, ESQ.
Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.             MARIA P. FRAGASSI SANTAGELO,
OFFICE OF REG'L GEN. COUNSEL         ESQ.
REGION II
Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION and ORDER

      Currently before the Court, is the Social Security action filed by Eric M. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1 and the consent of the parties. (Dkt. Nos. 4, 8.) The parties have each filed briefs (Dkt. Nos. 11 and 12)

addressing the administrative record of the proceedings before the Commissioner (Dkt. No. 10).[1] For the reasons set forth below, the Court finds that the Commissioner committed error and orders a remand for further administrative proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1970, making him 44 years old at the application date, and 46 years old at the time of the ALJ's decision. Plaintiff reported completing the eighth grade. Plaintiff had past work as a roofer and automobile detailer. Plaintiff initially alleged disability due to a head injury, a stroke, a knee injury, a brain aneurysm, a lumbar spine impairment with an L2 compression fracture, migraines, dizziness, a bilateral shoulder impairment, bladder incontinence, depression, anxiety, trauma from multiple stabbings, and a right leg impairment with severe burns.

### B. Procedural History

Plaintiff applied for Supplemental Security Income on June 26, 2014. Plaintiff's application was initially denied on September 19, 2014, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at a hearing before ALJ Julia D. Gibbs on March 10, 2016. (T. 29-51.) On June 30, 2016, the ALJ issued a written decision finding that Plaintiff was not disabled under the Social Security Act. (T. 14-28.) On September 18, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 1-6.)

---

[1] The Administrative Transcript is found at Dkt. No. 10. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. (T. 19-24.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 26, 2014, the application date. (T. 19.) The ALJ determined that Plaintiff's history of heroin and cocaine use, headaches, status-post aneurism repair, low back pain, and shoulder pain were severe impairments. (*Id*.) The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T. 20.) Specifically, the ALJ considered Listings 1.02 (major dysfunction of a joint) and 1.04 (disorders of the spine). (*Id*.) The ALJ determined that Plaintiff had the RFC to perform sedentary work, except he could not perform work above shoulder level and could not work on assembly lines or perform fast-paced work. (*Id*.) The ALJ found that Plaintiff was unable to perform any past relevant work. (T. 23.) Finally, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy. (T. 23.) The ALJ therefore concluded that Plaintiff was not disabled.

### D. The Parties' Briefs

#### 1. Plaintiff's Brief

Plaintiff argues that the ALJ's decision was not supported by substantial evidence because Plaintiff had a non-exertional impairment that made reliance upon the Medical-Vocational Guidelines improper. (Pl.'s Br., Dkt. No. 11, at 2-11.) The ALJ's RFC determination contained a limitation that Plaintiff could not perform work above shoulder level. Plaintiff argues that the limitation of no above-shoulder work necessarily includes a limitation on reaching. (*Id*. At 6-8.) Plaintiff contends that there is significant authority that a limitation on reaching impacts the occupational base of sedentary work. (*Id*.) Plaintiff cites case law

indicating that a limitation of no overhead work is facially inconsistent with frequent reaching, and that the distinction between reaching generally and overhead reaching, without further inquiry, warrants remand. (*Id*.) Plaintiff further contends that the ALJ's reliance on the Medical-Vocational Guidelines was improper because the positions identified by the vocational expert ("VE") all require frequent reaching. (*Id.* at 7.) Plaintiff also argues that the ALJ committed reversible error by failing to perform a function-by-function analysis prior to determining Plaintiff's RFC, thereby ensuring that the RFC fell into a set exertional category pursuant to the Dictionary of Occupational Titles ("DOT").[2] (*Id*. at 8-11.)

### 2. Defendant's Brief

Defendant argues that, although the ALJ did not make explicit, function-by-function RFC findings, the ALJ's RFC determination was consistent with the Commissioner's regulations and rulings because it specified that Plaintiff had the RFC to perform sedentary work "as defined in 20 C.F.R. § 416.967(a)" (Dkt. No. 12, at 7-8; T. 21.) Defendant contends this reference to the regulation incorporated the exertional lifting, carrying, sitting, standing, and walking demands of sedentary work, as provided therein. (Dkt. No. 12, at 8.) Defendant argues the ALJ did include non-exertional limitations in the RFC, including limitations that Plaintiff could not perform work above shoulder level and could not work on assembly lines or perform fast-paced work. (*Id*. at 8-9.) Defendant also contends that the ALJ correctly found Plaintiff was not disabled at Step Five of the sequential evaluation, and that the ALJ properly determined Plaintiff's non-exertional limitations had little, if any, effect on the occupational base of unskilled sedentary work he could perform. (*Id*. at 13-16.)

---

[2] DICTIONARY OF OCCUPATIONAL TITLES (U.S. Dep't of Labor, 4th Ed., rev. 1991).

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See, e.g., Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013); *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian*, 708 F.3d at 417 (*citing Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the

[Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.   **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

6

## III. ANALYSIS

### A. The ALJ Erred in her Step Five Analysis

Although the claimant has the general burden to prove he has a disability under the definitions of the Social Security Act, the burden shifts to the Commissioner at Step Five "'to show there is other work that [the claimant] can perform.'" *McIntyre*, 758 F.3d at 150 (quoting *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 445 (2d Cir. 2012)). "If a claimant has non-exertional limitations that 'significantly limit the range of work permitted by his exertional limitations,' the ALJ is required to consult with a vocational expert." *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (quoting *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986)). "However, the 'mere existence of a non-exertional impairment does not automatically . . . preclude reliance on the [Medical-Vocational] guidelines.'" *Zabala*, 595 F.3d at 410-11 (quoting *Bapp*, 802 F.2d at 603). "A non-exertional impairment 'significantly limits a claimant's range of work when it causes an additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity.'" *Zabala*, 595 F.3d at 410-11 (quoting *Bapp*, 802 F.2d at 605-06).

The ALJ found that Plaintiff was unable to perform past relevant work because the demands of such work exceeded the RFC, as determined by the ALJ. (T. 23.) The ALJ then found that Plaintiff could perform other jobs existing in significant numbers in the national economy. (*Id.*) The ALJ indicated that a finding of "not disabled" was appropriate under the framework of Medical-Vocational Rule 201.25 because Plaintiff's additional limitations--identified in the RFC as the inability to perform work above shoulder level, work on assembly lines, or fast-paced work--had little or no effect on the occupational base of unskilled, sedentary work. (T. 21, 23.)

7

Plaintiff argues that the ALJ committed error by denying Plaintiff's claim based upon the Medical-Vocational Guidelines in a circumstance where acknowledged non-exertional impairments significantly eroded the occupational base of sedentary work. (Dkt. No. 11, at 1, 5-7.) Plaintiff also contends that, notwithstanding the fact that the ALJ used a VE, her Step Five error was not harmless because the ALJ did not follow up with the VE to resolve an apparent conflict between the ALJ's RFC limitation excluding above-shoulder work and the VE's identification of three jobs consistent with the RFC which, according to the DOT, all required frequent reaching. (Dkt. No. 11, at 6-8.) The Court finds Plaintiff's arguments persuasive for the following reasons.

The Court agrees that the ALJ's determination that Plaintiff could not perform work above shoulder level was comparable, if not more restrictive, than a limitation on all overhead reaching, and significantly eroded the occupational base of sedentary work. (See Dkt. No. 11, at 6.) "Courts analyzing bilateral reaching limitations have typically found that a significant limitation on overhead reaching with both hands, particularly in the context of sedentary jobs, 'may eliminate a large number of occupations a person could otherwise do,' and have opined that where a claimant has such limitations, the use of a vocational expert is required at step five in order for the Commissioner to meet her burden of proof." *Alington v. Colvin*, No. 15-CV-6247L, 2017 WL 1370998, at *2 (W.D.N.Y. Apr. 17, 2017) (citing, inter alia, *Colette v. Commissioner*, 7:15-CV-956 (MAD), 2016 U.S. Dist. LEXIS 132876 at *16 (N.D.N.Y. 2016) ("[w]here, as here, a plaintiff's impairment limits him from never reaching overhead, the Court finds that this is a significant nonexertional limitation that requires the use of a vocational expert at step

five")).³  Therefore, the ALJ erred to the extent that she relied solely on the Medical-Vocational Guidelines at Step Five.

Although the ALJ had a VE testify at the hearing, she could not rely on the VE's testimony in the Step Five analysis because the ALJ erred by not addressing an apparent conflict between the VE's testimony and the DOT. (*See* T. 23.) As noted, the ALJ's RFC included a limitation of no over-shoulder work, but the VE selected three jobs supposedly consistent with the limited RFC that, according to the DOT, all required frequent reaching. The ALJ erred by not following up with the VE to resolve that apparent conflict. (T. 49.) *See, e.g., Lockwood v. Comm'r of Soc. Sec. Admin.,* 914 F.3d 87, 92-94 (2d Cir. 2019) (the Commissioner failed to reconcile the VE's testimony that a person with an overhead reaching limitation can perform the three jobs identified by the VE with the DOT's indication that all three jobs require "reaching"; the ALJ's duty to identify and resolve apparent conflicts between the DOT and VE testimony is not fulfilled simply by taking the VE at his word that his testimony comports with the DOT when the record reveals an apparent conflict) (collecting cases); *Robles v. Comm'r of Soc. Sec.*, 5:15-CV-1359 (GTS), 2016 WL 7048709 (N.D.N.Y. Dec. 5, 2016) (the ALJ found that Plaintiff can only "occasionally" lift/reach overhead, but the VE identified three occupations that all required frequent reaching, creating an apparent conflict exists between the VE's testimony and the DOT, which should have been resolved by the ALJ before he relied on the VE's testimony); *Caruso v. Astrue*, 5:05-CV-851 (NAM/GHL), 2008 WL 1995119, at *7 (N.D.N.Y. May 6, 2008)

---

³ *See also Selian v. Astrue*, 708 F.3d 409, 422 (2d Cir. 2013) (reaching limitation in both arms may significantly erode occupational base); *Moore v. Astrue*, No. 5:11-CV-952 (TJM/CFH), 2013 U.S. Dist. LEXIS 52183 at *35 (N.D.N.Y. 2013) (prohibition against overhead reaching is a severe non-exertional impairment which precludes reliance on the Grids and requires testimony by a vocational expert); *Montoya v. Colvin*, 649 F. App'x 429, 431 (9th Cir. 2016) (limitation to occasional overhead reaching precludes reliance on the Grids).

(the ALJ stated that there was to be no repetitive overhead tasks; however, according to the DOT, the three occupations identified by the VE all required either constant or frequent reaching, which created a conflict between the VE's testimony and the DOT, which should be addressed on remand).

The ALJ committed reversible error at Step Five. Remand is required so that the Commissioner can properly question a VE and reconcile any apparent conflicts between the VE's testimony that certain occupations are consistent with the correct RFC and the requirements for those occupations according to the DOT.

### B. On Remand, the ALJ Should Conduct an Appropriately Specific Analysis of Plaintiff's RFC

RFC is defined as "'what an individual can still do despite his or her limitations . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)). "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'" *Hendrickson v. Astrue*, 11-CV-0927, 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (quoting SSR 85-15, 1985 WL 56857, at *8). The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations. 20 C.F.R. § 416.945. *See Martone v. Apfel,* 70 F. Supp. 2d 145, 150 (N.D.N.Y .1999). An ALJ should specify the functions plaintiff is capable of performing, and may not simply make conclusory statements regarding a plaintiff's capacities. *Id.* (citing, *inter alia, Ferraris,* 728 F.2d at 588).

The Second Circuit has found that the failure to provide a function-by-function analysis is not a *per se* ground for remand, noting that "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, [] remand is not necessary merely because an explicit function-by-function analysis was not performed." *Cichocki v. Astrue*, 729 F.3d 172, 176-77 (2d Cir. 2013) (collecting case from other circuit courts that have declined to adopt a *per se* rule). The Second Circuit did note that remand might be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki*, 729 F.3d at 177 (citing *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001)).

The ALJ found that Plaintiff had the RFC to perform sedentary work, except that he could not perform work above shoulder level, work on assembly lines, or do fast-paced work. (T. 21.) The ALJ's RFC determination did not specifically articulate Plaintiff's abilities to, e.g., stand, sit, lift, or carry, but instead incorporated by reference the definition of sedentary work in

11

20 C.F.R. § 416.967(a).[4] Plaintiff argues that the ALJ committed reversible error by failing to perform a function-by-function analysis prior to determining Plaintiff's RFC. (Dkt. No. 11, at 8-11.) While this Court finds that the ALJ's failure to make explicit function-by-function RFC findings would not, by itself, warrant a remand,[5] the Court is ordering a remand on other grounds, and suggests that the Commissioner consider characterizing Plaintiff's ability to perform the relevant functions with greater specificity.

---

[4] "The ability to perform the full range of sedentary work requires the ability to lift no more than 10 pounds at a time and occasionally to lift or carry articles like docket files, ledgers, and small tools. . . . Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 'Occasionally' means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday. Unskilled sedentary work also involves other activities, classified as 'nonexertional,' such as capacities for seeing, manipulation, and understanding, remembering, and carrying out simple instructions." SSR 96-9P, 1996 WL 37418 (S.S.A. July 2, 1996).

[5] The ALJ's RFC analysis included an adequate review of the medical opinions, the other medical evidence pertaining to Plaintiff's impairments and treatment, and Plaintiff's testimony. (T. 21-23.) The ALJ discussed the medical opinions of consultative examiner Dr. Kalyani Ganesh--who found no gross limitation in sitting, standing, and walking and moderate limitations in lifting, carrying, pushing, and pulling secondary to aneurysm--and consultative examiner Dennis Noia, Ph.D.--who found mild limitations in the ability to perform complex tasks and maintain concentration and a marked limitation in the ability to deal with stress. (T. 22, 403, 408.) The ALJ afforded significant weight to Dr. Ganesh's opinion, and partial weight to Dr. Noia's opinion, indicating the Dr. Noia's finding of mild limitations was supported by his assessment, while there was no evidence showing Plaintiff had a marked limitation in dealing with stress. (T. 22-23.) The ALJ's consideration of, and reliance upon, opinions regarding Plaintiff's ability to perform particular functions reflects sufficient analysis of those functions, even if the ALJ's decision does not include explicit function-by-function RFC findings. On the current record, the ALJ's decision allowed for meaningful review of his RFC determination, and any error in failing to explicitly state function-by-function RFC findings was harmless. However, if, for example, additional, contradictory medical evidence with respect to Plaintiff's ability to perform relevant functions is presented on remand, a more detailed function-by-function analysis of Plaintiff's RFC may be required. See *Cichocki*, 729 F.3d at 176-77.

## C. Nature of Remand

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard . . . remand to the Secretary for further development of the evidence" is generally appropriate. *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Even though the ALJ erred in his Step Five analysis, this Court cannot conclude that "substantial evidence on the record as a whole indicates that the [plaintiff] is disabled." Thus, I cannot order a remand solely for the determination of benefits. *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the decision of the Commissioner be **REVERSED,** and this case **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), consistent with this Memorandum-Decision and Order.

Dated: February 21, 2019
Syracuse, New York

Andrew T. Baxter
U.S. Magistrate Judge